NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERIC MEZA ALCOCER, *Appellant.*

No. 1 CA-CR 13-0860

FILED 07-31-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-152063-001
The Honorable J. Justin McGuire, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge John C. Gemmill joined.

**H O W E**, Judge:

**¶1**　　　　This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Alcocer asks this Court to search the record for fundamental error. Alcocer was given an opportunity to file a supplemental brief in propria persona. He has not done so. After reviewing the record, we affirm the trial court's revocation of Alcocer's probation and the sentence imposed.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Alcocer. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

**¶3**　　　　Alcocer and his younger brother were at their home and began to argue. Alcocer hit his brother in the face and stomach several times, held his brother against the wall with one hand around his throat, and struck him in the face until another family member could stop the fight. The police were called and Alcocer was arrested.

**¶4**　　　　Alcocer was charged with one count of aggravated assault, a class six felony and a domestic violence offense. He was offered a plea agreement to be placed on intensive probation for three years beginning January 2, 2013, the terms of which included attending and paying for domestic violence offender treatment, attending anger control counseling, submitting to urinalysis testing, community restitution, and refraining from contact with the victim. Alcocer was advised of the range of possible sentences and the availability of probation. Alcocer accepted the plea agreement and plead guilty to the charge.

**¶5**　　　　Alcocer reviewed the terms and conditions of probation with his probation officer and signed a review and acknowledgement stating that he understood what was required of him while on probation. Alcocer did not report to the probation office as directed and did not attend three office visits. He lied to his probation officer about completing community restitution hours and submitting urinalysis tests.

**¶6**　　　　After a month of non-compliant behavior, on February 27, 2013, Alcocer reported to his probation officer that he had contact with a police officer. A police officer had observed Alcocer and his girlfriend having a verbal argument in a park, but found no physical evidence of abuse and no charges were filed. On March 7, 2013, an officer was notified that Alcocer was threatening a member of the community and referred the

victim to the proper authorities. On April 12, 2013, Alcocer was arrested for criminal trespassing, kidnapping, assault and endangerment, but no charges were filed.

¶7        On April 15, 2013, Alcocer's probation officer petitioned to revoke probation due to Alcocer's failure to report to the officer, participate in domestic violence counseling, submit to all drug testing, and pay certain fees. A revocation arraignment was held, where Alcocer initially denied that he violated the terms of his probation. Later, Alcocer admitted to violating condition 15, which required him to "be financially responsible by paying all restitution, fines, and fees in [his] case as imposed by the Court." The court suspended the imposition of sentence and continued Alcocer on probation for three years, expiring January 2, 2016.

¶8        After the reinstatement of probation, Alcocer's probation officer reported that Alcocer continued committing the same violations as he had before. Further, Alcocer submitted a positive urinalysis for marijuana. He did not regularly attend the domestic violence treatment program or maintain full-time employment and frequently violated his probation schedule and community restitution obligations.

¶9        On September 23, 2013, Alcocer's probation officer petitioned again to revoke Alcocer's probation. The report stated that Alcocer did not comply with the terms of his probation, including failing to report to the officer, to cooperate in domestic violence counseling, abstain from illegal substances, obtain employment, and pay certain fees.

¶10        On November 4, 2013, a probation violation hearing was held. The court found that the State had proven by a preponderance of the evidence that Alcocer failed to actively participate in the counseling programs that were required by his probation. The court revoked Alcocer's probation and sentenced him to imprisonment for the presumptive term of one year with credit for eighty days. Alcocer timely appealed.

## DISCUSSION

¶11        We will not disturb the trial court's finding that a defendant violated probation unless the finding "is arbitrary or unsupported by any theory of evidence." *State v. Tallow*, 231 Ariz. 34, 39 ¶ 15, 290 P.3d 228, 233 (App. 2012) (quoting *State v. Stotts*, 144 Ariz. 72, 79, 695 P.2d 1110, 1117 (1985). Alcocer failed, on multiple occasions, to comply with the conditions of his probation. The court acted well within its discretion in revoking Alcocer's probation and sentencing him to the presumptive prison term. *See*

A.R.S. § 13-917(B) (trial court may revoke probation in its discretion and impose prison term as authorized by law).

**¶12**        Counsel for Alcocer has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Alcocer was represented by counsel at all stages of the proceedings and the sentence imposed was within the statutory limits. We decline to order briefing and we affirm the revocation of Alcocer's probation and the sentence imposed.

**¶13**        Upon the filing of this decision, defense counsel shall inform Alcocer of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Alcocer shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review. On the Court's own motion, we extend the time for Alcocer to file a pro per motion for reconsideration to thirty days from the date of this decision.

## CONCLUSION

**¶14**        We affirm the revocation of Alcocer's probation and the sentence imposed.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

4